UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

COREY DAY,                          )
                                    )
           Petitioner,              )
                                    )
v.                                  )    No. 1:08-cv-768-SEB-JMS
                                    )
J. WRIGLEY, Superintendent,         )
                                    )
           Respondent.              )

**Entry Discussing Petition for Writ of Habeas Corpus**

    Corey Day, an Indiana prisoner, seeks a writ of habeas corpus with respect to two disciplinary proceedings. He is entitled to the writ he seeks only if the court finds that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because Day has failed to make the required showing, his petition for writ of habeas corpus must be denied. This conclusion is based on the following facts and circumstances:

    1.    Certain particulars involving the challenged disciplinary proceedings are the following:

        a.    On September 21, 2007, a conduct board found in No. NCF 07-07-0146 that Day was guilty of violating prison rules through his possession of an unauthorized substance. This finding was based on evidence which included Day's plea of guilty. The underlying charge had been issued on July 23, 2007, and recited that a toxicology screening of a urine sample provided by Day had shown the presence of cannabinoids (THC), the active ingredient of marijuana.

        b.    On October 27, 2007, a conduct board found in No. NCF 07-10-0063 that Day was guilty of violating prison rules through his possession of an unauthorized substance. The underlying charge had been issued on October 19, 2007, and recited that a toxicology screening of a urine sample provided by Day on October 15, 2007, had shown the presence of cannabinoids (THC), the active ingredient of marijuana.

2. A federal court may issue a writ of habeas corpus such as Day seeks only if it finds him "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff,* 418 U.S. at 564, 566, 570-71; *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). In addition, Indiana prisoners must pursue their available administrative remedies before filing a habeas petition. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). The failure to do so, whether pertaining to the remedy as a whole or to the inclusion in an administrative appeal each claim which is later asserted in a federal habeas petition, constitutes a procedural default. If confronted with this argument, Day could overcome procedural default through a showing of cause and prejudice or that a fundamental miscarriage of justice would result if the merits of his claim are not reached. *Aliwoli v. Gilmore,* 127 F.3d 632, 634 (7th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

3. "The best way to conduct analysis under § 2254 is to assume that the state wants to act exactly as its officers . . . have done, and then ask whether the federal Constitution countermands that decision." *Hill v. Wilson,* 519 F.3d 366, 370 (7th Cir. 2008) (citing cases). Under *Wolff* and *Hill,* Day received all the process to which he was entitled. That is, the charges were clear, adequate notice was given, and the evidence was sufficient. In addition, and in each case, (1) Day was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of their findings, and (3) the conduct board issued written reasons for its decision. As to the sufficiency of the evidence, the conduct boards could reasonably have found that in each case, both No. NCF 07-07-0146 and No. NCF 07-10-0063, Day gave a urine sample which thereafter tested positive for the presence of cannabinoids THC.

4. Day's claims that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief.

    a. Day claims that in No. NCF 07-07-0146 he was denied written findings by the conduct board and that he was tricked into pleading guilty. *Wolff* directs that before prisoners may be punished for misconduct by being deprived of good-time credits, the fact finders must issue a written statement as to the evidence relied upon and the reasons for the disciplinary action. *Wolff,* 418 U.S. at 563-67. Written statements ensure both administrative accountability and meaningful review. *Chavis v. Rowe,*

643 F.2d 1281, 1287 (7th Cir. 1981). The conduct board's statement of reasons in No. NCF 07-07-0146 is set forth in the "Report of Disciplinary Hearing" issued in that case. That same Report includes Day's signature as acknowledging the decision. Precisely when Day was supplied with a copy of the Report of Disciplinary Hearing, as contrasted with being made of the information in that Report, is not shown, but the record shows no impediment or prejudice to Day's effort to pursue either an administrative appeal or the present action based on whenever he was supplied with a copy of the Report. Day has the Report and has used it for the purpose intended. There was no violation of due process under these circumstances. As to Day's claim that he was tricked into pleading guilty, the expanded record shows that Day admitted his guilt from the date of his notification of the charge through the date of the hearing. Apart from that feature, however, the same record contains ample evidence to support the conduct board's finding of guilt. *See Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient). Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), "only evidence that was presented to the Adjustment Committee is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992). The evidence here, even without Day's plea of guilty, was constitutionally sufficient in No. NCF 07-07-0146.

b.   Day claims that in No. NCF 07-10-0063 the evidence relied upon was insufficient to support his disciplinary conviction and that he was denied written findings by the conduct board. The evidence considered by the conduct board in No. NCF 07-10-0063 included the conduct report and the positive laboratory report from the outside facility which performed the toxicology screening. As noted above, the toxicology report showed the presence of THC and that is sufficient to satisfy *Hill's* standard of "some evidence."  *See Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found. . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994). It is of no moment, for purposes of federal habeas review, that Day disputed his guilt. *Id.,* 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Day's contention that it was not until two months after the hearing that he was supplied with a copy of the laboratory analysis does not, either logically or factually, alter the evidence which the conduct board considered or the constitutional sufficiency of that evidence. *Wolff* does not require, as Day appears to assume, the disclosure of evidence prior to a hearing; instead, the requirement of *Wolff* in this regard is that adequate advance notice of the charge be provided, and there is no question that notice was provided in No. NCF 07-10-0063. Day also claims, again, that he was denied the conduct board's written findings in No. NCF 07-10-0063. This claim of error is insufficient for precisely the reasons explained as to the similar claim challenging No. NCF 07-07-0146.

     5.    "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charges, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Day to the relief he seeks. Accordingly, Day's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

     **IT IS SO ORDERED.**

Date: 12/08/2008

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana